diGENOVA & TOENSING, LLP
ATTORNEYS-AT-LAW

December 27, 2007

RECEIVED
2007 DEC 28 A 10: 24
COURT OF APPEALS
FOURTH CIRCUIT

FILED
DEC 2 8 2007
U.S. Court of Appeals
Fourth Circuit

**Via Fed-Ex Overnight**

Patricia S. Connor, Clerk
United States Court of Appeals
for the Fourth Circuit
U.S. Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

    Re:    Citation of Supplemental Authority Under Fed. R. App. P. 28(j)
             *United States v. Udeozor*, No. 06-4467, argued December 7, 2007 before
             Judges Wilkinson, Shedd, and Bailey

Dear Ms. Connor:

    Pursuant to FRAP 28(j), the government proffers *United States v. Jordan, et al.*, Nos. 06-4258 & 06-4264, 13-15, (4th Cir. Dec. 4, 2007), to support its argument that a statement is not testimonial unless the declarant is aware or could reasonably expect the statement might be used at trial. That is not the sole test. Dr. Udeozor makes the following points:

- *Jordan* cites three, but ignores an additional category of testimonial evidence specifically recognized by *Crawford v. Washington*, 541 U.S. 36 (2004) and argued by Dr. Udeozor (Br. 33): "Statements taken by police officers in the course of interrogations are also testimonial under even a narrow standard." *Id.* at 52. *Crawford* expressed concern about involvement of government officers in producing testimony "with an eye toward trial." *Id.* at 56 n.7, and considered **both** the "officer's motives" and declarant's perception, *Id.* at 66.

- *Jordan* ignores *Davis v. Washington*, 126 S. Ct. 2266 (2006), which deals only with government interrogation, not the three categories recognized by *Jordan*.

- *Davis* found a statement testimonial where there was no emergency, the primary purpose was to establish past events potentially relevant to later criminal prosecution, and the process was "formal," citing tapes as an example, the exact situation here. 126 S. Ct. at 2276-77. The government used Chinelo as its interrogating agent (Br.35) just like *Davis* characterized 911 operators.

- Unlike *Jordan*, George's statements were not admissible under FRE 801(d)(2)(E) as they were made months after the conspiracy ended and at the direction of the government with "an eye toward trial." (Br. 43)

- The *Jordan* statements were also admitted under FRE 804(b)(3). George's statements are not admissible under that Rule as he made no acknowledgement of Chinelo's being 15 when they had sex nor admission of force, the purpose for which the government requested admission. (Br. 39-43).

- The situation here does not fail the declarant's perspective test as George expressed knowledge that Chinelo had talked to the police, and wanted to know what she had told them, so he could take care of his "own defense." (Br. 36).

Sincerely,

*Victoria Toensing* / BJC

Victoria Toensing
Counsel to Dr. Udeozor
diGenova & Toensing, LLP
1776 K Street NW, # 737
Washington, DC  20006

cc:   Jessica D. Silver
      Dirk C. Phillips